# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>Leonel LOPEZ<br>AKA: Luis Jorge MOCTEZUMA | ) Magistrate Docket No. 2007 DEC 10 AM 10: 35<br>) COMPLAINT FOR VIOLATION OF:<br>)<br>) TITLE 8 U.S.C. § 1326<br>) Attempted Reentry After Deportation<br>)<br>)<br>) TITLE 18 U.S.C. § 1546<br>) Fraud and Misuse of Visas, Permits,<br>) and Other Documents<br>)<br>) |

The undersigned complainant, being duly sworn, states:

### Count 1
On or about December 8, 2007, within the Southern District of California, defendant Leonel LOPEZ, AKA Luis Jorge MOCTEZUMA, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326

### Count 2
On or about December 8, 2007, within the Southern District of California, defendant Leonel LOPEZ, AKA Luis Jorge MOCTEZUMA, did knowingly possess a US Passport to wit, US passport number 301384954, bearing the name Luis Jorge MOCTEZUMA, which defendant knew to be unlawfully obtained, to wit, defendant purchased the passport from an alien smuggler in Tijuana, Mexico, and subsequently possessed the passport at the San Ysidro Port of Entry where he presented it to US Customs and Border Protection; in violation of Title 18, United States Code, Section 1546(a).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

SWORN AND SUBSCRIBED TO before me
This _____ day of December 2007.

_____ UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT & STATEMENT OF FACTS

I, Richard Michael Escott, being duly sworn, declare under penalty of perjury that the following statement is true and correct:

1.      I am a Senior Special Agent (SSA) with the U.S. Department of State, Diplomatic Security Service (DSS) assigned to the San Diego, CA Resident Office. I have been so employed for eight years and have investigated numerous violations involving the false application for and misuse of United States Passports and Visas.

2.      During the performance of my duties, I have obtained evidence that Leonel LOPEZ (DEFENDANT), aka Luis Jorge MOCTEZUMA possessed and/or used a US passport that was unlawfully obtained, and applied for reenty into the United States after having been deported. This Affidavit is made in support of a complaint against DEFENDANT for violation of Title 18, U.S.C., Section 1546, Fraud and Misuse of Visas, Permits, and Other Documents; Title 8 U.S.C. 1326, Attempted Reentry After Deportation.

3.      On 12/08/2007, at approximately 1300 hours, DEFENDANT, presented himself to a Department of Homeland Security, Customs and Border Protection (CBP) Officer at the pedestrian lines of the San Yisdro Port of Entry, to apply for admission into the United States. DEFENDANT identified himself with US Passport number 301384954, bearing the name Luis Jorge MOCTEZUMA, DPOB 08/19/1942, Mexico, and a photograph that did not bear the DEFENDANT's likeness. CBP Officer requested that DEFENDANT sign his name on the referral slip and compared it to the signature on the passport; they were not similar. DEFENDANT was referred for secondary inspection.

4.      On 12/08/2007, a CBP Officer conducted a secondary inspection of DEFENDANT. During the interview DEFENDANT admitted that his true name was Leonel LOPEZ, DOB 09/29/1956. He admitted that he had arranged to be smuggled into the United States and that in exchange for a promise of remuneration in the amount of $2500 he was provided a US Passport to use to cross the border. Fingerprint checks revealed that DEFENDANT had a FBI record in NCIC for 3 previous arrests. DHS record checks revealed that DEFENDANT had been twice deported. DEFENDANT remained in the secondary inspection area.

5.      On 12/08/2007, at approximately 1745 hours, the Affiant was notified by the CBP from the San Yisdro POE, of the case.

6.      On 12/08/2007, at approximately 2040 hours, DEFENDANT was retrieved from secondary inspection and was brought to an upstairs interview room. The Affiant, assisted by a CBP, who also served as a translator when necessary, obtained consent from DEFENDANT to have his interview audio and video taped. DEFENDANT read his Miranda warning aloud in Spanish from a written copy. He indicated that he understood and waived his right to counsel. He admitted that his true name was Leonel LOPEZ, DPOB, 09/29/1956, Guatemala City, Guatemala. He stated that he was a citizen of Guatemala and not a citizen of the United States.

7.      DEFENDANT admitted that for a promise of remuneration to a smuggler, in the amount of $2,500 he was given US Passport number 301384954, bearing the name, Luis Jorge MOCTEZUMA, to use to cross the International Border from Mexico to the United States. He said that when he walked up to the inspection booth,

DEFENDANT gave the CBP officer both US passport number 301384954, bearing the name Luis Jorge MOCTEZUMA, as his identification document, to apply for admission to the United States.

8. DEFENDANT acknowledged knowing that the passport he presented was not issued to him or designed for his use, and that it was a violation of US law to use the passport of another. DEFENDANT also stated that at the time of his 2007 deportation, he had been notified that he was not allowed to reenter the United States. He acknowledged that he knew it was illegal for him to attempt to reenter the United States.

9. DEFENDANT made a written statement acknowledging his true name and that he unlawfully obtained US passport number 301384954, bearing the name Luis Jorge MOCTEZUMA, and that he possessed and used the passport in the United States. He also acknowledged that he knew it was illegal for a person who has been deported from the United States to attempt to reenter.

10. On the basis of the facts presented in this probable cause statement consisting of 2 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offenses on 12/08/2007 - in violation of Title18, United States Code, Section 1546(a): Fraud and Misuse of Visas, Permits, and Other Documents - when he knowingly used the US Passport that was unlawfully obtained in order to gain admission into the United States; Title 8 United States Code 1326, Attempted Reentry After Deportation – when he, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Yisdro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

_____UNITED STATES MAGISTRATE JUDGE